UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

James M. Vogel,

        Plaintiff,

vs.                       REPORT AND RECOMMENDATION

Dept. of Corrections, Diane
Grinde, Aitkin County Jail,
Sheriff Scot Turner, Aitkin
County Admin., and Debra
Hamilton,

        Defendants.          Civ. No. 09-1889 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiff, who is an inmate at the Aitkin County Jail, in Aitkin, Minnesota, commenced this action by filing a Complaint seeking relief under Title 42 U.S.C.

§1983.  See, Docket No. 1.  He also filed his current Application to proceed IFP.  See, Docket No. 2.

By Order dated August 4, 2009, we directed the Plaintiff to submit an Amended IFP Application, as required by Title 28 U.S.C. §1915(a)(2).  See, Order, Docket No. 3.  Our Order afforded the Plaintiff until August 24, 2009, by which to submit that Application, and also to remit his initial partial filing fee to the Clerk of Court.  The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order has since expired, and the Plaintiff has failed to comply.  Therefore, based on the Plaintiff's failure to comply with our Order dated August 4, 2009, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice.  See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure

to submit financial information required by §1915(a)(2), or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated August 4, 2009, and for failure to prosecute.

2.   That the Plaintiff's Application to proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.


Dated: August 31, 2009                       *Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 18, 2009,** a writing which specifically identifies those portions of the

Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 18, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.